UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
CHAIM SILBER,

                          Plaintiff,

   -against-

TRANSUNION, LLC, EQUIFAX INFORMATION
SERVICES, LLC, EXPERIAN INFORMATION
SOLUTIONS, INC., FORD MOTOR CREDIT
COMPANY, LLC,
                          Defendants.
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __2/24/2025__

No. 23-cv-07182 (NSR) (JCM)

**OPINION & ORDER**

NELSON S. ROMÁN, United States District Judge:

By way of Complaint, Plaintiff Chaim Silber ("Plaintiff") commenced this action on August 16, 2023 against Defendants TransUnion, LLC ("TransUnion"), Experian Information Solutions, Inc. ("Experian"), and Equifax Information Services, LLC (Equifax"), (collectively, the "CRA Defendants") and Ford Motor Credit Company, LLC ("Ford Credit") under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, et. seq. Plaintiff alleges that the CRA Defendants willfully and negligently violated §§ 1681e(b) and 1681i(a) of the FCRA, and Ford Credit willfully and negligently violated § 1681s-2 which resulted in Plaintiff's loss of credit, loss of ability to purchase and benefit from credit, and mental and emotional pain.

Presently before the Court are the CRA Defendants' and Ford Credit's Motions for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c). For the following reasons, the Court hereby GRANTS both CRA Defendants' and Ford Credit's Motions for Judgment on the Pleadings without prejudice.

1

**FACTUAL BACKGROUND**

For the purpose of ruling on the Motions for Judgment on the Pleadings, the Court accepts as true all well-pleaded factual allegations in the Complaint ("Compl.") (ECF No. 5) and draws all reasonable inferences in Plaintiff's favor, as summarized below.

On or about April 3, 2017, Plaintiff leased a vehicle from Lincoln[1] Automotive Financial Services. (Compl. ¶¶ 17, 23.) Plaintiff used automated payments ("autopay") throughout the duration of his lease. (*Id.* ¶¶ 24, 25.) After the initial lease term ended, Plaintiff opted to extend the lease term. (*Id.* ¶ 26.) Plaintiff alleges that he submitted the necessary paperwork to extend the lease and that he was not made aware that the existing autopay arrangements would not continue under the lease extension. (*Id.* ¶¶ 27, 28.) The Complaint avers that Plaintiff made no changes to autopay on his Ford Credit account and expected automatic payments to continue in the same manner as in the prior lease. (*Id.* ¶¶ 29, 30.) Plaintiff argues that had he been aware that autopay would not automatically renew under the new lease, he would have updated his payment method. (*Id.* ¶ 31.) Plaintiff asserts that Ford Credit began furnishing inaccurate information (*i.e.,* the missed payments) to the CRA Defendants indicating that he was 60 days late on payments on his Ford Credit account. (*Id.* ¶ 33). Upon learning about the late payments, Plaintiff immediately contacted Ford Credit to make the necessary payments to bring his account current. (*Id.* ¶ 34.)

Plaintiff disputed the Ford Credit record with CRA Defendants by letter dated March 14, 2023 and alleges that CRA Defendants sent Plaintiff's dispute to Ford Credit, pursuant to statutory obligations under the FCRA. (*Id.* ¶ 44.) Plaintiff argues that Ford Credit failed to conduct a reasonable investigation and continued to report false and inaccurate adverse information on Plaintiff's consumer reports with respect to the Ford Credit account. (*Id.* ¶ 46.) Plaintiff adds that

---

[1] Plaintiff had an auto lease provided by Lincoln Automotive Financial Services which is owned by Defendant Ford Credit Motor Credit Company. (Compl. ¶ 17). This Opinion and Order uses "Ford Credit" to avoid confusion.

had Ford Credit conducted a reasonable investigation of Plaintiff's disputed credit record, the investigation would have revealed that Ford Credit's own handling of Plaintiff's account was the reason behind the missed payments. (*Id.* ¶ 47.) Further, Plaintiff avers the CRA Defendants did not timely evaluate Plaintiff's claims and did not timely attempt to verify that the account reflected inaccurate information. (*Id.* ¶¶ 48, 59.) Plaintiff asserts that a reasonable investigation conducted by CRA Defendants would have revealed that the late payments ascribed to the Ford Credit tradeline were improperly listed. (*Id.* ¶ 49.) As a result of the CRA Defendants' and Ford Credit's conduct, Plaintiff suffered damages by loss of credit, loss of ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain of credit denial. (*Id.* ¶ 60.)

Based on the foregoing, Plaintiff brings claims for willful and negligent violations under the FCRA and seeks damages, attorney fees, and related costs.

## PROCEDURAL HISTORY

Plaintiff commenced this action on August 16, 2023 against the CRA Defendants and Ford Credit. (ECF No. 5.) Ford Credit filed its answer on September 11, 2023 (ECF No. 17); TransUnion on October 2, 2023 (ECF No. 20); Equifax on October 23, 2023 (ECF No. 27); and Experian on November 13, 2023 (ECF No. 29). Following preliminary discovery, the CRA Defendants filed a Motion for Judgment on the Pleadings on May 9, 2024 (ECF No. 63), along with a Memorandum of Law in Support ("CRA Mem.") (ECF No. 64); Declaration in Support ("CRA Decl.") (ECF No. 65); and a Reply Memorandum ("CRA Reply) (ECF No. 67). Plaintiff filed opposition papers against CRA's motion ("Pl. CRA Opp'n") (ECF No. 66). On June 27, 2024, Ford Credit also filed Motion for Judgment on the Pleadings (ECF No. 72), as well as their Memorandum of Law in Support ("Ford Credit Mem.") (ECF No. 73); Declaration in Support

("Ford Credit Decl.") (ECF No. 74); and Reply Memorandum ("Ford Credit Reply") (ECF No.76). Plaintiff filed an opposition brief against Ford Credit's motion ("Pl. Ford Credit Opp'n") (ECF No. 75).

## LEGAL STANDARDS

*Rule 12(c)*

Under the Federal Rules of Civil Procedure, "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed.R.Civ.P.12(c). When deciding motions under 12(c), courts "employ [ ] the same ... standard applicable to dismissals pursuant to Rule 12(b)(6)." *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419,429 (2d Cir. 2011) (quoting *Johnson v. Rowley*, 569 F.3d 40, 43 (2d Cir. 2009)) (quotation marks omitted).

Under Federal Rule of Civil Procedure 12(b)(6), dismissal is proper unless the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When there are well-pled factual allegations in the complaint, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. While the Court must take all material factual allegations as true and draw reasonable inferences in the non-moving party's favor, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation," or to credit "mere conclusory statements" or "[t]hreadbare recitals of the elements of a cause of action." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555). The critical inquiry is whether the plaintiff has pled sufficient facts to nudge the claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. A motion to dismiss will be denied where the allegations "allow[ ] the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

In deciding a motion for judgment on the pleadings, the court may consider documents and information incorporated by reference or integral to a complaint, as well as facts subject to judicial notice. *See Glob. Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 156 (2d Cir. 2006). Incorporation by reference requires "a clear, definite and substantial reference to the documents." *DeLuca v. AccessIT Grp., Inc.*, 695 F. Supp. 2d 54, 60 (S.D.N.Y. 2010) (quoting *Helprin v. Harcourt, Inc.*, 277 F. Supp. 2d 327, 331 (S.D.N.Y. 2003)). "Where a document is not incorporated by reference, the court may nevertheless consider it where the complaint 'relies heavily upon its terms and effect,' thereby rendering the document 'integral' to the complaint." *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 230–231 (2d Cir. 2016) (quoting *Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006)).

## DISCUSSION

Plaintiff alleges that the CRA Defendants willfully and negligently violated § 1681e(b) and § 1681i(a) of the FCRA by failing to ensure maximum accuracy in preparing Plaintiff's credit report and by failing to delete inaccuracies in Plaintiff's credit file after receiving notice of the alleged inaccuracy. (Compl. ¶¶ 63, 70.) Plaintiff further alleges that Ford Credit willfully and negligently violated 15 U.S.C. § 1681s-2 by failing to fully and properly investigate and correct the alleged inaccurate reporting. (*Id.* ¶¶ 80, 90.) The Court addresses claims against the CRA Defendants and Ford Credit in turn.

**I.      Claims Against CRA Defendants**

Plaintiff's claims for willful and negligent violation of the FCRA under U.S.C. §§ 1681e(b) and 1681i(a) both fail because Defendants' credit report statements were neither inaccurate nor materially misleading. §1681e(b) provides that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of

5

the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b). Under § 1681i(a)(1)(A), the consumer reporting agency must "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate." 15 § 1681i(a)(1)(A). Further, "reporting information which is factually accurate but misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions still constitutes a violation of § 1681s-2(b)." *Mund v. Transunion*, No. 18-CV-6761(BMC), 2019 WL 955033, at *3 (E.D.N.Y. Feb. 27, 2019). Courts within this Circuit have adopted the materially misleading standard, as opposed to a technical accuracy test. *Ciment v. TransUnion, LLC*, No. 24-CV-212 (CS), 2025 WL 307871, at *5 (S.D.N.Y. Jan. 27, 2025). But mere imprecision is not enough, rather, "a plaintiff must establish that the information provided ... is open to an interpretation that is directly contradictory to the true information." *Krausz v. Equifax Info. Servs.*, LLC, No. 21-CV-7427 (KMK), 2023 WL 1993886, at *11 (S.D.N.Y. Feb. 14, 2023).

Plaintiff's fails to support claims that the reporting was either inaccurate or materially misleading. As a threshold matter, a plaintiff must allege an inaccuracy to state a claim under either Section 1681e(b) or 1681i. "[I]f the information is accurate, no further inquiry into the reasonableness of the consumer reporting agency's procedures is necessary." *Gross v. Priv. Nat'l Mortg. Acceptance Co.*, LLC, 512 F. Supp. 3d 423, 426 (E.D.N.Y. 2021) (citation omitted). A credit report is inaccurate "when it is patently incorrect or when it is misleading in such a way and to such an extent that it can be expected to have an adverse effect." *Spira v. TransUnion, LLC*, No. 23-CV-4319 (NSR), 2024 WL 2221662, at *3 (S.D.N.Y. May 16, 2024) (quoting *Shimon v. Equifax Info. Servs. LLC*, 994 F.3d 88, 91 (2d Cir. 2021) (citations omitted)). Plaintiff avers that the CRA Defendants' reporting of missed payments that Plaintiff incurred after expecting autopayments to continue renders the CRA Defendants' reporting an actionable inaccuracy. The

6

Second Circuit considered what constitutes an actionable "inaccuracy" under the FCRA in *Mader v. Experian Info. Sols., Inc.* and *Sessa v. TransUnion,* LLC, holding that the threshold question for accuracy under the FCRA is whether the information in dispute is "objectively and readily verifiable." *Sessa v. TransUnion, LLC*, 74 F.4th 38, 42 (2d Cir. 2023) (clarifying *Mader v. Experian Info. Sols., Inc.*, 6 F.4th 264, 270 (2d Cir. 2023))

The information in dispute here is, indeed, objectively and readily verifiable. CRA Defendants reported the missed payments which Plaintiff concedes he missed in his Complaint. (Compl. ¶¶ 32, 34, 42, 47.) Plaintiff mistakenly situates his opposition to CRA Defendants' actions in fault—a factor that is irrelevant in Plaintiff's case. In his opposition, Plaintiff cites to cases like *Abukhodeir v. AmeriHome Mortg. Co., LLC*, No. 8:21-CV-563-WFJ-JSS, 2021 WL 3510814 (M.D. Fla. Aug. 10, 2021) and *Hauge v. AmeriHome Mortg. Co., LLC*, 565 F. Supp. 3d 1 (D. Mass. 2021) in which courts refused to dismiss claims against furnishers-defendants (not credit reporting agencies) that had acknowledged wrongdoing in their reporting of inaccurate or misleading information and for failing to subsequently correct plaintiffs' credit files. These cases are not applicable here. Plaintiff's allegations regarding fault does not invalidate the accuracy of the CRA Defendants' reporting.

Moreover, because Plaintiff does not argue that the information is patently incorrect (but rather that its incurrence is incorrectly ascribed to him), he must point to information on his credit report that is 'materially misleading' to creditors. *Kilpakis v. JPMorgan Chase Fin. Co.*, LLC, 229 F. Supp. 3d 133, 142 (E.D.N.Y. 2017). To support allegations of a credit report reflecting materially misleading information, a plaintiff "must establish that the information provided by the [consumer reporting agency] is open to an interpretation that is directly contradictory to the true information." *Gross v. Priv. Nat'l Mortg. Acceptance Co.*, LLC, 512 F. Supp. 3d 423, 426

7

(E.D.N.Y. 2021). Plaintiff fails to satisfy this standard. Plaintiff argues that reporting missed payments is misleading because he incurred adverse notations on his credit file because of his mistaken expectation that autopayments would continue. However, the CRA Defendants did not misrepresent his late payments. By Plaintiffs own admission in the March 14, 2023 letter, incorporated by reference into the Complaint at ¶ 44, Plaintiff concedes that his payments were late. (*See* CRA Decl., Ex. B.) ("I was marked late due to the fact that the auto-pay was discontinued[.]"). Like in the Complaint, Plaintiff claims that was "never told . . . to change anything" regarding autopayment. The CRA Defendants' reporting of missed payments does not carry any deceptive inference that Plaintiff did anything other than fail to make timely payments, which Plaintiff does not dispute. The Court's task is to consider whether the information is inaccurate or misleading, "not to look for ways that the information might be more accurate." *Lamando v. Rocket Mortg.*, No. 3:23-CV-147 (MAD/ML), 2024 WL 264034, at *8 (N.D.N.Y. Jan. 24, 2024). Therefore, because Defendants' credit reports contained factually accurate information that was not misleading, Plaintiff has failed to state a claim against CRA Defendants under the FCRA. Accordingly, the Court dismisses claims against the CRA Defendants without prejudice.

**II.    FCRA Claims Against Ford Credit**

Next, the Court addresses Plaintiff's claims against Ford Credit for willfully and negligently violating § 1681s-2 by failing to conduct a reasonable investigation of the purported inaccuracy and continuing to report the alleged false and inaccurate adverse information. (Compl. ¶ 57.) Ford Credit argues that Plaintiff fails to prove that Ford Credit's investigation was insufficient. (Ford Credit Mem. p. 13.)  The Court agrees with Ford Credit's arguments and finds that Plaintiff fails support claims that Ford Credit failed to conduct a reasonable investigation in a willful and

negligent violation of the FCRA. Accordingly, the Court dismisses Plaintiff's claims against Ford Credit without prejudice.

§ 1681s-2 of the FCRA "governs the furnishers' duty once notice is received from a credit reporting agency that there is a dispute as to the completeness or accuracy of the information provided to that reporting agency." *Ngambo v. Chase*, No. 7:20-CV-2224 (NSR), 2023 WL 1767463, at *3 (S.D.N.Y. Feb. 3, 2023) (quoting *Comunale v. Home Depot, U.S.A., Inc.*, 328 F. Supp. 3d 70, 77–78 (W.D.N.Y. 2018). A furnisher's duties under § 1681s–2 include, among other things, to "conduct an investigation with respect to the disputed information," after receiving notice from a consumer reporting agency. 15 U.S.C. § 1681s–2(b)(1). To state a claim under § 1681s–2(b)(1), "a consumer must show that (1) a furnisher received notice of a credit dispute from a [credit reporting agency] and (2) the furnisher negligently or willfully failed to conduct a reasonable investigation." *Zlotnick v. Equifax Info. Servs., LLC*, 583 F. Supp. 3d 387, 390 (E.D.N.Y 2022). The parties do not dispute that Plaintiff satisfied the first requirement. As for the second prong, courts in the Second Circuit apply a "reasonable investigation" standard to determine whether a furnisher of information has satisfied its obligations under 15 U.S.C. § 1681s-2(b). *Mund* at 2. Under this standard, furnishers of information "satisfy their investigation obligations under the FCRA by reviewing information provided by the CRA, investigating, and reporting any inaccuracies to all consumer reporting agencies to which the furnishers provide information." *Jenkins v. AmeriCredit Fin. Servs., Inc.*, No. 14CV5687SJFAKT, 2017 WL 1325369, at *6 (E.D.N.Y. Feb. 14, 2017) (internal quotation marks, citations, and alterations omitted).

Here, Plaintiff fails to support allegations that Ford Credit failed to conduct a reasonable investigation. (*Id.*) The only support Plaintiff offers is that "[h]ad [Ford Credit] done a reasonable

9

investigation of the Plaintiff's dispute, it would have been revealed to [Ford Credit] that any delayed payment from Plaintiff was the result of [Ford Credit's] own poor handling of Plaintiff's Account and not attributable to the fault of Plaintiff." (*Id.* ¶ 46.) Again, the Court finds Plaintiff's mistaken reliance on alleged fault unavailing. Plaintiff's conclusory statements are insufficient to support allegations that Ford Credit's investigation was deficient.

Further, for a § 1681s-2(b) claim to succeed, a plaintiff must be able to prove that the information reported was, in fact, inaccurate. *See Matheson v. Ocwen Fed. Bank FSB*, No. 05-CV-02747, 2008 WL 11413560, at *8 (E.D.N.Y. June 18, 2008) ("A prerequisite to any successful [FCRA] claim is, obviously, the ability of [Plaintiff] to offer proof that the information [credit furnisher Defendant] reported was inaccurate.") As in his claims against the CRA Defendants, Plaintiff fails to plead an inaccuracy in his credit account. Inaccuracy is "an essential element of a claim for a negligent or willful violation of § 1681s-2(b) of the FCRA." *Lieberman v. Am. Express Co.*, No. 19-CV-6989 (BMC), 2020 WL 5517271, at *3 (E.D.N.Y. Sept. 14, 2020). Moreover, the first Lease End Extension Agreement, incorporated by reference in the Complaint at ¶ 27 explicitly states that, if enrolled in Automatic Payments, the first extended payment will be applied if the form is received at least two business dates prior to the first extended due date. (*See* Ford Credit Decl., Ex. B). The first extended payment due date was noted as April 3, 2020, the date Plaintiffs original Auto Lease expiration date. (*Id.*) However, Plaintiff missed payments after the original Auto Lease expired and after Plaintiff elected to extend the Auto Lease agreement. Further, the FCRA "does not require that a furnisher of information delete a consumer's disputed account upon receiving a notice of dispute, but rather, 'simply requires the furnisher of information to investigate and to report information from the investigation.'" *Id.* (citation omitted). Plaintiff fails to provide sufficient factual support to undergird allegations that Ford Credit failed to conduct a reasonable

10

investigation of the purported inaccuracy or that it continued to report false and inaccurate adverse information in violation of the FCRA. Accordingly, Plaintiffs claims against Ford Credit are dismissed without prejudice.

## CONCLUSION

For the foregoing reasons, the Court GRANTS both CRA Defendants' (Defendants TransUnion, LLC, Experian Information Solutions, Inc., and Equifax Information Services, LLC), and Ford Credit's Motions for Judgment on the Pleadings in their entirety without prejudice. As Plaintiff's Complaint was the first Complaint for which motion practice occurred, Plaintiff is granted leave to file a First Amended Complaint. Plaintiff will have until March 26, 2025 to do so, consistent with this order. Plaintiff is advised that the First Amended Complaint will replace, not supplement, the Complaint, and so any claims they wish to pursue must be included in, or attached to, the First Amended Complaint. Should Plaintiff file a First Amended Complaint, Defendants are directed to answer or otherwise respond to the First Amended Complaint by April 16, 2025, and the parties are directed to confer and file a Case Management Plan and Scheduling Order (blank form attached) by May 7, 2025.

If Plaintiff fails to file a First Amended Complaint within the time allowed, those claims dismissed without prejudice by this order will be deemed dismissed with prejudice and the case will be terminated. The Clerk of Court is kindly directed to terminate the motions at ECF Nos. 63 and 72.

SO ORDERED:

    Dated: February 24, 2025
    White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge

UNITED STATES DISTRICT COURT　　　　　　　　　　　　　　　Rev. Jan. 2012

SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

　　　　　　　　　　　　　　　　　　　　　**CIVIL CASE DISCOVERY PLAN**

　　　　　　　　　　Plaintiff(s),　　　　　**AND SCHEDULING ORDER**

　- against -



　　　　　　　　　　Defendant(s).　　　_____ CV _____ (NSR)


---------------------------------------------------------------x


　This Civil Case Discovery Plan and Scheduling Order is adopted, after consultation with counsel, pursuant to Fed. R. Civ. P. 16 and 26(f):


1.　All parties [consent] [do not consent] to conducting all further proceedings before a Magistrate Judge, including motions and trial, pursuant to 28 U.S.C. § 636(c).  The parties are free to withhold consent without adverse substantive consequences.  (If all parties consent, the remaining paragraphs of this form need not be completed.)


2.　This case [is] [is not] to be tried to a jury.


3.　Joinder of additional parties must be accomplished by _____.


4.　Amended pleadings may be filed until _____.


5.　Interrogatories shall be served no later than _____, and responses thereto shall be served within thirty (30) days thereafter.  The provisions of Local Civil Rule 33.3 [shall] [shall not] apply to this case.

6. First request for production of documents, if any, shall be served no later than _____.

7. Non-expert depositions shall be completed by _____.

   a. Unless counsel agree otherwise or the Court so orders, depositions shall not be held until all parties have responded to any first requests for production of documents.

   b. Depositions shall proceed concurrently.

   c. Whenever possible, unless counsel agree otherwise or the Court so orders, non-party depositions shall follow party depositions.

8. Any further interrogatories, including expert interrogatories, shall be served no later than _____.

9. Requests to Admit, if any, shall be served no later than _____.

10. Expert reports shall be served no later than _____.

11. Rebuttal expert reports shall be served no later than _____.

12. Expert depositions shall be completed by _____.

13. Additional provisions agreed upon by counsel are attached hereto and made a part hereof.

14. **ALL DISCOVERY SHALL BE COMPLETED BY** _____.

15. Any motions shall be filed in accordance with the Court's Individual Practices.

16. This Civil Case Discovery Plan and Scheduling Order may not be changed without leave of Court (or the assigned Magistrate Judge acting under a specific order of reference).

17. The Magistrate Judge assigned to this case is the Hon. _____.

18. If, after entry of this Order, the parties consent to trial before a Magistrate Judge, the Magistrate Judge will schedule a date certain for trial and will, if necessary, amend this Order consistent therewith.

19. The next case management conference is scheduled for _____, at _____. (The Court will set this date at the initial conference.)

SO ORDERED.

Dated: White Plains, New York

_____

_____
Nelson S. Román, U.S. District Judge

UNITED STATES DISTRICT COURT  Rev. Jan. 2012

SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

                                                                   **CIVIL CASE DISCOVERY PLAN**

                        Plaintiff(s),          **AND SCHEDULING ORDER**

    - against -

                        Defendant(s).      _____ CV _____ (NSR)

------------------------------------------------------------x

  This Civil Case Discovery Plan and Scheduling Order is adopted, after consultation with counsel, pursuant to Fed. R. Civ. P. 16 and 26(f):

1.     All parties [consent] [do not consent] to conducting all further proceedings before a Magistrate Judge, including motions and trial, pursuant to 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences. (If all parties consent, the remaining paragraphs of this form need not be completed.)

2.     This case [is] [is not] to be tried to a jury.

3.     Joinder of additional parties must be accomplished by _____.

4.     Amended pleadings may be filed until _____.

5.     Interrogatories shall be served no later than _____, and responses thereto shall be served within thirty (30) days thereafter. The provisions of Local Civil Rule 33.3 [shall] [shall not] apply to this case.

6. First request for production of documents, if any, shall be served no later than _____.

7. Non-expert depositions shall be completed by _____.

   a. Unless counsel agree otherwise or the Court so orders, depositions shall not be held until all parties have responded to any first requests for production of documents.

   b. Depositions shall proceed concurrently.

   c. Whenever possible, unless counsel agree otherwise or the Court so orders, non-party depositions shall follow party depositions.

8. Any further interrogatories, including expert interrogatories, shall be served no later than _____.

9. Requests to Admit, if any, shall be served no later than _____.

10. Expert reports shall be served no later than _____.

11. Rebuttal expert reports shall be served no later than _____.

12. Expert depositions shall be completed by _____.

13. Additional provisions agreed upon by counsel are attached hereto and made a part hereof.

14. **ALL DISCOVERY SHALL BE COMPLETED BY** _____.

15. Any motions shall be filed in accordance with the Court's Individual Practices.

16. This Civil Case Discovery Plan and Scheduling Order may not be changed without leave of Court (or the assigned Magistrate Judge acting under a specific order of reference).

17. The Magistrate Judge assigned to this case is the Hon. _____.

18. If, after entry of this Order, the parties consent to trial before a Magistrate Judge, the Magistrate Judge will schedule a date certain for trial and will, if necessary, amend this Order consistent therewith.

19. The next case management conference is scheduled for _____, at _____. (The Court will set this date at the initial conference.)

SO ORDERED.

Dated:   White Plains, New York
_____

_____
Nelson S. Román, U.S. District Judge